Case 2:05-cr-06024-WFN    Document 96    Filed 11/02/11

AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 02 2011

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

United States of America )
v. )
Eldee Dickerson )
) Case No:  2:05CR06024-001
) USM No:  11230-085
Date of Original Judgment: 09/13/2006 )
Date of Previous Amended Judgment: 02/02/2009 ) Alex B. Hernandez, III
*(Use Date of Last Amended Judgment if Any)* Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(Complete Parts I and II of Page 2 when motion is granted)*

Upon reviewing the briefing and the 18 U.S.C. §3553(a) factors, the Court determined that the 87 month sentence, imposed subject to the previous crack guidelines, is sufficient but not greater than necessary. Mr. Dickerson has a serious criminal history including two prior drug convictions. He likely would have qualified for a §851 sentencing enhancement, but the Government agreed in the plea agreement to not file notice substantially lowering Mr. Dickerson's mandatory minimum from 120 months to 60 months. In his plea agreement, Mr. Dickerson agreed to a sentencing range of 84 - 105 months. Mr. Dickerson's expulsion from the RDAP program for smoking "Spice" particularly concerns the Court. Though the 87 month sentence represents an upward variance according to the most recent crack sentencing guidelines, the Court feels that a variance is appropriate in this case.

Except as otherwise provided, all provisions of the judgment dated  09/13/2006  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: Nov 2, 2011

_____
Judge's signature

Effective Date: _____
*(if different from order date)*

Hon. Wm. Fremming Nielsen, Senior U.S. District Judge
*Printed name and title*